UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

YVONNE CHIPMAN,

             Debtor.

_____/

Case No. DG 08-08468
Chapter 7
Hon. Scott W. Dales

## MEMORANDUM OF DECISION

Trustee Jeff A. Moyer ("Trustee") filed the Trustee's Motion to Approve Sale of Non-Exempt Equity in Debtor's Real Property ("Motion," DN 20), and the Debtor Yvonne Chipman filed an Objection to Trustee's Motion to Approve Sale of Non-Exempt Equity in Debtor's Real Property (the "Objection," DN 21). The court heard argument on the Motion during its April 2, 2009 motion day in Grand Rapids.

The real property at issue (the "Property") is the Debtor's one-half interest, presumably as tenant-in-common, in a cottage in Baldwin, Michigan, that she owned with her ex-husband, Kent R. Chipman, on the petition date. The Debtor has claimed a $9,625 exemption on account of the Property, under 11 U.S.C. § 522(d)(5) (the "Wild Card Exemption"). As the court understands the Trustee's proposal, he seeks to sell the estate's non-exempt portion of the Property to the co-owner, ex-husband Mr. Chipman, for $15,000, although the Trustee estimates that the value of the non-exempt portion of the Property is only $7,875. Because the Trustee is not purporting to sell the supposed exempt portion, he has proposed to sell the estate's interest in the

Property "'SUBJECT TO" all existing liens, except real estate taxes, to include the Debtor's exemption amount in said property, which Mr. Chipman agrees to assume and be responsible to pay." See Motion at ¶10.

The Trustee evidently intends to delegate to the proposed buyer the estate's duty to account to the Debtor for her Wild Card Exemption, leaving the Debtor to negotiate or litigate with her ex-husband to realize the representative value that Section 522(d)(5) promised her as part of her fresh start.   The court appreciates the efficacy of this proposal from the Trustee's point of view, and acknowledges that the Motion may avoid an adversary proceeding under 11 U.S.C. § 363(h).   Nevertheless, the court is not satisfied that the Trustee can delegate his duty to account to the Debtor for the Wild Card Exemption simply by persuading the buyer to agree to pay his ex-wife.

The Debtor's Wild Card Exemption is, to some extent, measured by her former interests in "property of the debtor" but the court does not regard the Wild Card Exemption as an interest in, or charge against, the Property per se.   From paragraph 10 of the Motion, however, the court infers that the Trustee intends to treat the exemption as a lien on the Property. Of course, in some respects and in some cases an exemption in many ways behaves like a lien.   Yet, the Wild Card Exemption, because it is limited to a dollar value rather than a thing in specie, is closer to a chose in action against the estate than an interest in or charge against the Property.

Moreover, the court believes that the Trustee's proposal unduly undercuts the Debtor's fresh start, without authority.  In order for her to realize the benefit of Section 522(d)(5), she will be required to persuade her ex-husband to honor his undertaking to

2

pay her $9,625. Unless the ex-husband cooperates, the cost of persuading him to do so will erode to some extent the value of the exemption. Moreover, if the Wild Card Exemption is more akin to a chose in action than an interest in the Property, the proposed sale would substitute one obligor (Mr. Chipman) for another (the estate), thereby subjecting the Debtor to credit risk not contemplated in Section 522. Because it is not clear as a matter of real estate law that the Debtor could sue to partition (having lost her former interest as tenant-in-common), it is quite likely that the Debtor would be left with a claim against her ex-husband as third party beneficiary of the Trustee's and Mr. Chipman's sale contract. The court doubts that this result adequately honors the Debtor's rights under Section 522.

The Trustee has offered no authority for treating the Wild Card exemption in this way, other than an appeal to expediency. Without any authority to support his proposed and somewhat unusual sale, the court is not satisfied that the transaction is consistent with the Trustee's obligations under the Bankruptcy Code. The court will enter an order sustaining the Objection and denying the Motion.

Date: April 2, 2009

Scott W. Dales
United States Bankruptcy Judge